Warner, Chief Justice.
This was a claim case which was tried in the Court below and a verdict finding the land levied on subject to the plaintiff’s execution. A motion was made for a new trial, which was overruled, and the claimant excepted. The plaintiff levied an attachment on the defendant’s land on the 8th of December, 1869, obtained judgment thereon 10th of March, 1871; execution issued upon that judgment, and was 'levied on the land, 29th of August, 1871.' The claimant purchased *the land at a United States marshal’s sale, and claims title under the marshal’s deed to him, dated 7th February, 1871. The judgment under which the marshal sold the land was obtained in the United States District Court, 26th of September, 1868; execution issued thereon 2d November, 1868, and was levied by the marshal on the land, 7th of January, 1871, and sold by him, 7th of February, 1871. The vendor’s lien and the homestead questions both being out of the case, the only question made before this Court on the argument was as to the validity of the marshal’s levy on the land, when it had already been levied on by an attachment issued by the State Court. The judgment obtained in the United States District Court is of older date than the date of the levy of the plaintiff’s attachment, but the levy of the attachment is of older date than the levy of the United States District Court execution, by the marshal: This question does not appear to have been made or decided in the Court below, but it appears, from the evidence in the record, that the plaintiff in the attachment judgment was present at the marshal’s sale when the claimant purchased the land, and took no proceedings to prevent the sale of *78 the land under the marshal’s levy, nor made any objections, thereto, and the marshal having sold the land apparently under, the prescribed forms of law, in satisfaction of the oldest judgment lien against the defendant, the claimant, as a purchaser at' that sale, obtained a good title to the land; although there may have been an irregularity in making the levy on the land by the marshal when the land had been previously attached by process from the State Court: Code, 2586. In our judgment, the Court below erred in overruling the motion for a new trial in view of the facts disclosed in the record.
Let the judgment of the Court below be reversed.